_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

_____

In re CUYAHOGA COUNTY, OHIO,

Petitioner

v.

ALANA DUNN, REGINALD HAYMON, ADAM DAY, ERIC ZEIDER, CAMERON LEONARD, AND JASON WILSON

Respondents.

_____

Petition for Permission to Appeal from the United States District
Court for the Northern District of Ohio, Case No. 1:23-cv-00364-BMB

_____


**REPLY IN SUPPORT OF PETITION FOR PERMISSION TO APPEAL
CLASS CERTIFICATION ORDER UNDER FED. R. CIV. P. 23(F)**

Brendan D. Healy (0081225)
Jake A. Elliott (0093521)
Bridget E. Dever (0102462)
Assistant Prosecuting Attorneys
Cuyahoga County Prosecutor's Office
1200 Ontario Street, 8th Floor
Cleveland, Ohio 44113
Telephone:  (216) 443-7800
bhealy@prosecutor.cuyahogacounty.us;
jelliott@prosecutor.cuyahogacounty.us;
bdever@prosecutor.cuyahogacounty.us

Stephen W. Funk (0058506)
ROETZEL & ANDRESS, LPA
222 South Main Street
Akron, Ohio  44308
Telephone:  (330) 376-2700
Facsimile:   (330) 376-4577
E-mail:  sfunk@ralaw.com

*Attorneys for Petitioner
Cuyahoga County, Ohio*

**<u>TABLE OF CONTENTS</u>**

<u>Page</u>

TABLE OF AUTHORITIES.................................................................................ii

INTRODUCTION.............................................................................................1

REPLY TO RESPONDENTS' ARGUMENTS ....................................................3

I.    RESPONDENTS HAVE FAILED TO SHOW THAT CUYAHOGA
      COUNTY IS UNLIKELY TO PREVAIL ON THE MERITS ......................3

      A.    Respondents Are Wrong In Suggesting That *Monell* Liability
            Can Arise Without An Underlying Constitutional Violation...............3

      B.    Respondents Fail To Show That The Issue Of Causation Does
            Not Require Individualized Determinations .........................................4

      C.    Respondents Failed To Explain How The Ascertainability
            Requirement Was Met.........................................................................7

      D.    Respondents Fail To Show That The Requirements Of Rule 23(a)
            Were Met.............................................................................................7

            1.    Commonality .............................................................................7

            2.    Typicality and Adequacy of Representation ..............................8

II.   RESPONDENTS HAVE FAILED TO SHOW THAT THE OTHER
      FACTORS WEIGH AGAINST THE PETITION ......................................10

CONCLUSION ..............................................................................................12

CERTIFICATE OF COMPLIANCE ..................................................................13

CERTIFICATE OF SERVICE..........................................................................14

i

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Amgen, Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455 (2013)........................ 8

*Clayton v. FCA US LLC*, No. 21-CV-12995, 2025 WL 2265432,
    (E.D. Mich. Aug. 7, 2025) .......................................................................... 10

*Clippinger v. State Farm Automobile Ins. Co.,* --- F.4th ----,
    2026 WL 1113480 (6th Cir. Apr. 24, 2026) .......................................2, *passim*

*Driver v. Marion Cnty. Sheriff*, 859 F.3d 489 (7th Cir. 2017) ................................. 6

*Goldberg v. Hennepin Cnty.*, 417 F.3d 808 (8th Cir. 2005)..................................... 3

*Grote v. Kenton County, Kentucky*, 85 F.4th 397 (6th Cir. 2023)............................. 4

*Healey v. Louisville Metro Government*, 2021 WL 149859
    (W.D. Ky. Jan. 15, 2021) ................................................................6, 10, 11

*In re E.I. DuPont de Nemours & Co. C-8 Pers. Inj. Litig.*, No. 22-0305,
    2022 WL 4149090 (6th Cir. Sept. 9, 2022) ..................................................... 11

*In re Wayne County, Mich.*, 6th Cir. No. 20-0101, Order, dated 7.23.2020 ........... 10

*Lewis v. Casey*, 518 U.S. 343 (1996) ....................................................................... 9

*Poynter by and through Fernandez v. Bennett*, 162 F.4th 664 (6th Cir. 2025)......... 4

*TransUnion, LLC v. Ramirez*, 594 U.S. 413 (2021) .................................................. 9

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) .............................................. 2

*West v. Tillman*, 496 F.3d 1321 (11th Cir. 2007)...............................................2, 3, 10

*Woodall v. Wayne County, Mich.*, No. 20-1705, 2021 WL 5298537
    (6th Cir. Nov. 15, 2021)..................................................................... 1, 2, 3

**Constitutional Provisions**

U.S. Constitution, Eighth Amendment ........................................................................ 3

U.S. Constitution, Fourteenth Amendment ................................................................ 3

**Rules**

Federal Rules of Civil Procedure 23 .......................................................................... 8

Federal Rules of Civil Procedure 23(a) ..................................................................... 7

Federal Rules of Civil Procedure 23(b)(3) ..................................................... 1, 6, 10, 11

Federal Rules of Civil Procedure 23(f) ........................................................... 1, *passim*

# INTRODUCTION

Respondents' Answer Brief is based upon the flawed legal premise that the District Court does not need to conduct individual determinations of (i) whether each class member suffered a constitutional violation, and (ii) whether it was actually caused by the County's alleged "policy or custom."

This is an unprecedented legal argument that explains why this Court should grant the Rule 23(f) petition and vacate the district court's order. While this Court has ruled that *Monell* liability can arise even if an individual is not personally liable for a constitutional violation, it has never held that *Monell* liability can arise if the plaintiff has not suffered any constitutional harm. Thus, given that any trial would require the trier of fact to make "individualized determinations" about (i) whether each class member was "subjected to a 'constitutional deprivation,'" and (ii) whether it was directly caused by the challenged policy, this Court should grant the same relief that was granted in *Woodall v. Wayne County, Mich.*, No. 20-1705, 2021 WL 5298537 (6th Cir. Nov. 15, 2021), which granted the Rule 23(f) petition and vacated the district court's class certification order for failing to satisfy the predominance and superiority requirements of Rule 23(b)(3). *Id.* at *7.

Given these two individualized determinations that must be made, Respondents argue that this case still can be tried as class action because the district court found that any detention "extending beyond 18 hours" is *per se*

unconstitutional, and would "likely" have been caused by "systemic deficiencies," rather than other individualized reasons. (Resp. Br. pg. 13). This argument should be rejected, however, because it conflicts with the constitutional standard for overdetention claims, and fails to take into account that the actual cause of each alleged delay may be attributable to other reasons, such as negligence or human error, that do not constitute deliberate indifference. *See West v. Tillman*, 496 F.3d 1321, 1325-1328 (11th Cir. 2007). Moreover, it conflicts with this Court's recent *en banc* opinion in *Clippinger v. State Farm Automobile Ins. Co.,* --- F.4th ----, 2026 WL 1113480 (6th Cir. Apr. 24, 2026), which held that it violates Supreme Court precedent and the Rules Enabling Act for a district court to adopt a "trial by formula" approach as a substitute for the "claim-by-claim proceedings" required by "individualized" defenses to each class member's claim. *Id.* at *10 (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 367 (2011)).

Indeed, like the defendant in *Clippinger*, Cuyahoga County has a "substantive right" to present individualized evidence relating to the cause of each alleged delay. Even if Respondents are correct, therefore, in suggesting that a delay of greater than 18 hours would "likely" be caused by "systemic deficiencies," rather than other individualized reasons, the fact remains that plaintiffs still bear the burden to prove, as in *Woodall*, that (i) each class member suffered a constitutional deprivation that (ii) was actually caused by the County's

2

policy.  These are inherently "individualized determinations" that cannot be side-stepped merely by adopting an arbitrary formula that any detention longer than 18 hours is *per se* unconstitutional or was "likely" caused by a county policy. Accordingly, as in *Clippinger* and *Woodall*, this Court should grant the Rule 23(f) petition and vacate the district court's class certification order.

## REPLY TO RESPONDENT'S ARGUMENTS

**I.     RESPONDENTS HAVE FAILED TO SHOW THAT CUYAHOGA COUNTY IS UNLIKELY TO PREVAIL ON THE MERITS.**

**A.     Respondents Are Wrong In Suggesting That *Monell* Liability Can Arise Without An Underlying Constitutional Violation.**

Respondents' Brief does not dispute that overdetention claims under the Fourteenth Amendment are subject to the same deliberate indifference standard for overdetention claims under the Eighth Amendment.  *West*, 496 F.3d at 1325-1328; *Goldberg v. Hennepin Cnty*., 417 F.3d 808, 811-812 (8th Cir. 2005).  While Respondents argue that the holding in *West* does not apply to their *Monell* claims, this argument misconstrues footnote 7 of the *West* opinion, which does <u>not</u> state that the Court's holding does not apply to *Monell* claims.  Moreover, it ignores the fact that *West* sets forth the constitutional standards for determining whether a plaintiff suffered an underlying constitutional violation, which is an essential element of any *Monell* claim under Section 1983.

In this regard, Respondents are wrong in suggesting that *Monell* liability can arise <u>without</u> an underlying constitutional violation. While they cite Judge Moore's opinion in *Grote v. Kenton County, Kentucky*, 85 F.4th 397 (6th Cir. 2023), as supporting this theory, there is nothing in *Grote* that suggests that *Monell* liability can arise if there is no constitutional violation. In fact, in a more recent 2025 opinion that is currently the subject of *en banc* review, Judge Moore explained that a plaintiff is "required" to demonstrate that "his constitutional rights were violated," and that "he suffered a constitutional harm" in order to establish municipal liability under Section 1983. *See Poynter by and through Fernandez v. Bennett*, 162 F.4th 664, 676-677 (6th Cir. 2025), *reh'g granted*, 169 F.4th 716 (Mar. 18, 2026). Accordingly, the Court should conclude that proof of an underlying constitutional violation is an essential element of an alleged *Monell* claim that must be determined on an individualized basis for each class member.

**B. Respondents Fail To Show That The Issue Of Causation Does Not Require Individualized Determinations.**

Respondents also fail to show that the issue of causation does not require individualized determinations. While Respondents argue that a "detention extending beyond 18 hours after an individual is entitled to release was *substantially* likely to be caused by systemic deficiencies," (Resp. Br. pg. 13) (emphasis added), this argument completely ignores that the issue of causation – *i.e.*, whether a constitutional violation was caused by "systemic deficiencies" as

opposed to other individualized reasons – is inherently a <u>factual</u> question that requires <u>individualized</u> <u>determinations</u> by the <u>trier of fact</u>, and cannot be eliminated simply by adopting a judicial presumption in favor of one alleged cause.

This is fatal to any class action because, as this Court recently explained in *Clippinger*, "[t]he predominance factor forecloses [a] class action" if "an individual issue will matter more than any common ones," or if "one question 'likely will dominate' [the] common ones." *Id.* at *8. Here, the County has identified at least two individualized questions that will overwhelm any trial – (i) whether each class member personally suffered a constitutional violation and (ii) whether it was caused by a county custom or policy, rather than negligence, human error, or some other reason. While the District Court sought to manage the class action by finding that the County's policies "*could* be expected to be the proximate cause" of any delay longer than 18 hours, this arbitrary 18-hour rule wrongfully deprives the County of the right to obtain individualized determinations of whether a constitutional violation occurred, and whether it was caused by the challenged policy. Indeed, like the defendant in *Clippinger*, the County has the "substantive right" to present individualized evidence about the actual cause of each alleged delay, and it would "flout the Rules Enabling Act" if the district court were permitted to adopt a "formulaic calculation" of liability – *i.e.*, by imposing <u>automatic</u> liability if the time to release exceeds 18 hours – that "seeks to make a

5

class action more manageable by 'replac[ing]' the claim-by-claim proceedings required by 'individualized' defenses" with a "trial-by-formula" approach. *Id.*, 2026 WL 1113480, at *10. Accordingly, as in *Clippinger*, this Court should grant the petition and conclude that the predominance and superiority requirements of Rule 23(b)(3) have not been met.

In their Brief, Respondents cite the Seventh District's ruling in *Driver v. Marion Cnty. Sheriff*, 859 F.3d 489 (7th Cir. 2017), as supporting the 18-hour formula adopted by the district court. In *Driver*, however, the Seventh District did not actually rule that a class should be certified. Rather, it merely vacated the district court's order because it refused to consider the merits of the claims. *Id.* at 495. Indeed, the fact that the district courts in *Healey* and *Dunn* both rely so heavily upon this non-dispositive Seventh Circuit decision speaks volumes for why this Court should grant the petition. The fact that a panel of another circuit has *suggested* in dicta that overdetention claims may be certified in certain limited circumstances does not mean that the district courts in this Circuit should rely upon this non-binding opinion to grant class certification based upon arbitrary formulas that do not take into account the individualized facts and circumstances of each release. Thus, given the lack of controlling authority that justifies the district court's ruling, the Court should grant the Rule 23(f) petition and decide whether district courts can circumvent Rule 23(b)(3)'s requirements in this manner.

**C. Respondents Failed To Explain How The Ascertainability Requirement Was Met.**

Respondents' Brief also fails to explain how the ascertainability requirement has been met. Here, the District Court found that causation must be included in the class definition, but it never identified an "administratively feasible" method for determining the issue of causation. While Respondents briefly mention "ascertainability" on Page 17, they ultimately fail to provide a substantive response to the argument that a manual review of paper files would not yield definitive proof of <u>causation</u>, which must be proven in order to determine whether a detainee is a member of the proposed class. Thus, the Court should grant the petition and determine that the ascertainability requirement was not met.

**D. Respondents Fail To Show That The Requirements Of Rule 23(a) Were Met.**

**1. Commonality.**

Respondents' Brief admits that the commonality requirement is not met unless they can show that the County's policy applies to <u>all</u> class members. This point in fact was recently affirmed in *Clippinger*, which found that a question does not satisfy the commonality requirement unless it can "clear two hurdles." *Id.*, 2026 WL 1113480, at *5. "It must first yield a *cohesive* yes-or-no-answer for all class members," and it "also must yield an answer '*central*' to the class's common claims." *Id.* (emphasis sic).

Here, Respondents have failed to make any attempt to show that the five (5) "systematic deficiencies" alleged in their class certification motion are applicable to <u>all</u> members of the proposed class. Rather, they merely argue that the County's policies "*could* be expected to be the proximate cause" of a delay. (Resp. Br. pg. 14) (emphasis added). Accordingly, the Court should conclude that the commonality requirement is not met.

## 2. Typicality and Adequacy of Representation.

Respondents' Brief wrongfully attempts to sidestep the typicality and adequacy requirements by suggesting that they would require the Court to delve into the merits of the underlying claims. (Resp. Br. pg. 19). As this Court held in *Clippinger*, however, certification analysis that "requires us to delve into the 'merits' of the" claims is <u>not</u> prohibited, but often <u>must</u> be conducted. *Id.*, 2026 WL 1113480, at *6 (explaining that the courts "may (indeed <u>must</u>) evaluate the merits when necessary to decide 'whether the Rule 23 prerequisites for class certification are satisfied'") (emphasis added) (quoting *Amgen, Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 466 (2013)).

In this regard, Respondents do not dispute that Day, Wilson, Zeider, and Haymon all received jail-time credit for their pretrial detentions as part of their criminal sentences. While Respondents attempt to minimize this defense by suggesting that it was "undeveloped" in the proceedings below, a review of the

record shows that the County in fact presented this argument with supporting evidence to the district court. (Doc.#49, Def. Opp. pg. 14, PageID#2017); (Doc.#49-3, Tabor Decl. ¶ 8-11, Ex. 2-3, PageID#2143, 2146-2147).

Indeed, the jail-time credit argument does not require extensive elaboration because it is based upon the fundamental premise that a pretrial detainee has not been deprived of a liberty interest if they have received credit for the time spent in pretrial detention on their criminal sentence. Thus, since Respondents admit that "more than 30,000 detainees received jail-time credit during the class period," it automatically follows that the typicality requirement cannot be met because Day, Wilson, Zeider, and Haymon have not suffered a constitutional deprivation and, thus do not have standing under Article III to bring any claims on behalf of the class. *See Lewis v. Casey*, 518 U.S. 343, 357 (1996); *see also Clippinger*, 2026 WL 1113480, at *17 (Bush, J., concurring) (explaining that "each and every class member must have standing to recover damages" under binding Supreme Court precedent) (citing *TransUnion, LLC v. Ramirez*, 594 U.S. 413, 431 (2021)).

Similarly, the Court should reject the argument that it is somehow improper to delve into the merits of the claims alleged by the other two named plaintiffs, Alanna Dunn and Cameron Leonard. While Respondents argue that it does not matter when the Jail received "actual notice" that they were entitled to release, they do not cite to any case law to support this argument, which conflicts with the actual

knowledge and deliberate indifference standards for overdetention claims. *West*, 496 F.3d at 1325. Thus, the Court should conclude that the County is likely to prevail on this issue. *Clayton v. FCA US LLC*, No. 21-CV-12995, 2025 WL 2265432, at *6 (E.D. Mich. Aug. 7, 2025) (typicality and adequacy requirements are not met if plaintiff is "subject to unique defenses which threaten to become the focus of the litigation").

## II. RESPONDENTS HAVE FAILED TO SHOW THAT THE OTHER FACTORS WEIGH AGAINST THE PETITION.

Respondents' Brief does not dispute that the District Court relied almost exclusively on the unreviewed opinion in *Healey* because there is no Sixth Circuit case that has decided the unsettled question of whether overdetention damages claims can be certified under Rule 23(b)(3). This is a critical point because, as this Court has explained, interlocutory review is often warranted where "there is limited authority on the issues, and no binding authority from our court." *See In re Wayne County, Mich.*, 6th Cir. No. 20-0101, Order, dated 7.23.2020.

Indeed, while Respondents suggest that the district court's order will not impact any other litigation, this argument ignores the fact that Plaintiffs' counsel relied upon *Healey* in filing this class action, and that other plaintiffs likely will rely upon the district court's opinions in both *Healey* and *Dunn* to file more class actions against other counties and cities that operate jails through this Circuit. Thus, since this Court declined to grant the Rule 23(f) petition filed in *Healey*, it

10

should grant the Rule 23(f) petition in this case and resolve the unsettled question of whether these type of overdetention claims may be certified under Rule 23(b)(3).

Finally, the Court should reject Respondents' arguments about the second and fourth factors. While Respondents argue that the County cannot satisfy the "death-knell" factor, this argument ignores the undisputed fact that the district court's class certification order significantly increases the potential liability and cost of this litigation for the taxpayers of Cuyahoga County, and imposes "heavy pressure" to settle, which, as this Court has found, weighs in favor of interlocutory review in order to ensure that "the important legal issues" presented by a Rule 23(f) petition do not "evade [appellate] review." *See, e.g., In re E.I. DuPont de Nemours & Co. C-8 Pers. Inj. Litig.*, No. 22-0305, 2022 WL 4149090, at \*9-10 (6th Cir. Sept. 9, 2022). This same principle applies equally here, as evidenced by the *Healey* case, which was never subject to appellate review because it was settled after class certification was granted. Accordingly, while no one factor is dispositive, the Court should conclude that the relevant factors weigh in favor of granting Cuyahoga County's petition.

## CONCLUSION

For all of these reasons, the Court should grant this Petition under Rule 23(f) and vacate the District Court's class certification order.

Respectfully submitted,

Michael O'Malley, Prosecuting
Attorney for Cuyahoga County

Brendan D. Healy (0081225)
Jake A. Elliott (0093521)
Bridget E. Dever (0102462)
Assistant Prosecuting Attorneys
Cuyahoga County Prosecutor's Office
1200 Ontario Street, 8th Floor
Cleveland, Ohio 44113
Telephone: (216) 443-7800

/s/ Stephen W. Funk
Stephen W. Funk (0058506)
ROETZEL & ANDRESS, LPA
222 South Main Street
Akron, Ohio 44308
Telephone: (330) 376-2700
Facsimile: (330) 376-4577
E-mail: sfunk@ralaw.com

*Attorneys for Petitioner, Cuyahoga County, Ohio*

# CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing Reply complies with the type-volume limitations, typeface requirements, and type style requirements of the Federal Rules of Appellate Procedure in the following manner:

1.      The brief complies with the type-volume limitations for replies because it contains **2,589** words, excluding the cover page, table of contents, table of authorities, signature block, certificate of compliance, and certificate of service. This word count was determined based upon the calculation performed by Microsoft Word computer software used in drafting this brief, as permitted by the Federal Rules of Appellate Procedure.

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times Roman type style.

*/s/ Stephen W. Funk*
Stephen W. Funk

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 1st day of May, 2026, the foregoing *Reply Brief in Support of Petition for Permission to Appeal under Rule 23(f)* was served upon the following counsel of record for the Plaintiffs-Respondents in this case:

Kate Ellen Schwartz
Caryn C. Lederer
Emily R. Brown
Hughes Socol Piers Resnick Dym
70 West Madison Street, Suite 4000
Chicago, IL 60602
Email: clederer@hsplegal.com
Email: ebrown@hsplegal.com

Akeeb Dami Animashaun
Law Office of Akeeb Dami Animashaun
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Email: dami@animashaun.me

Janet Herold
Justice Catalyst Law
40 Rector Street, 9th Floor
New York, NY 10006
Email: jherold@justicecatalyst.org

Drew T. Legando
Merriman Legando Williams & Klang
1360 West 9th Street, Suite 200
Cleveland, OH 44113
Email:  drew@merrimanlegal.com

*/s/ Stephen W. Funk*
Stephen W. Funk