Case No. 26-0302

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

IN RE: CUYAHOGA COUNTY, OH,
*Defendant-Petitioner*,

v.

ALANNA DUNN, REGINALD HAYMON, ADAM DAY, ERIC ZEIDER,
CAMERON LEONARD, AND JASON WILSON,
individually and on behalf of all others similarly situated,
*Plaintiffs-Respondents*

On Petition for Permission to Appeal from the
United States District Court for the Northern District of Ohio
The Honorable Bridget Meehan Brennan
Case no. 1:23-cv-00364-BMB

**PLAINTIFFS-RESPONDENTS' RESPONSE IN OPPOSITION
TO MOTION FOR LEAVE TO FILE REPLY
IN SUPPORT OF RULE 23(F) PETITION TO APPEAL
FROM ORDER GRANTING CLASS CERTIFICATION**

Drew Legando
MERRIMAN LEGANDO
WILLIAMS & KLANG, LLC
1360 West 9th Street, Suite 200
Cleveland, Ohio 44113
(216) 522-9000
drew@merrimanlegal.com

Janet Herold
JUSTICE CATALYST LAW
40 Rector Street, Floor 9
New York, New York 10006
(518) 732-6703
jherold@justicecatalyst.org

*Counsel for Plaintiffs-Respondents*

Kate Schwartz
Caryn Lederer
Emily Brown
HUGHES SOCOL PIERS RESNICK & DYM LTD.
70 W. Madison Street, Suite 4000
Chicago, Illinois 60602
(312) 580-0100
kschwartz@hsplegal.com
clederer@hsplegal.com
ebrown@hsplegal.com

Akeeb Dami Animashaun
355 South Grand Avenue, Suite 2450
Los Angeles, California 90071
(929) 266-3971
dami@animashaun.me

<u>**RESPONSE IN OPPOSITION TO MOTION FOR LEAVE TO FILE REPLY**</u>

Plaintiffs-Respondents oppose Defendant-Petitioner Cuyahoga County, Ohio's Motion for Leave to File a Reply.[1] The proposed Reply almost entirely reiterates arguments the County already advanced in its Petition and, accordingly, leave to file the Reply should be denied. *In re Carpenter Co.*, No. 14-0302, 2014 WL 12809636, at *2 (6th Cir. Sept. 29, 2014) ("[A] reply is not appropriate . . . [when it] largely reiterates prior arguments[.]"); *In re Tivity Health, Inc.*, No. 22-0502, 2022 WL 17243323, at *2 (6th Cir. Nov. 21, 2022) (denying motion for leave to file a reply because it did "not present novel arguments relating to the petition to appeal").

The County argues that its Reply does not merely repeat prior arguments because it cites *Clippinger v. State Farm Auto. Ins. Co.*, No. 24-5421, 2026 WL 1113480 (6th Cir. Apr. 24, 2026), which was issued after the County filed its Petition. (Motion at 2–3) However, the County invokes *Clippinger* merely to restate well-established Rule 23 principles and offers nothing that will meaningfully assist this Court. (*See* Reply at 9 (citing *Clippinger* for proposition that the predominance requirement forecloses class action if individual issues outweigh common ones); *id*.

---

[1] The County's Motion for Leave to File a Reply, Doc. 9, is cited as "Motion." The County's proposed Reply, Doc. 10, is cited as "Reply." The County's Petition for Permission to Appeal, Doc. 1-2, is cited as "Pet." Plaintiffs' Answer in Opposition to the Petition, Doc. 8-1, is cited as "Answer." Pincites to these documents refer to the blue page numbers stamped at the top of each document.

at 11 (citing *Clippinger* for proposition that common questions must yield a yes-or-no answer for all class members on a central issue); *id.* at 12 (citing *Clippinger* for principle that evaluation of the merits may be necessary to decide Rule 23 prerequisites)) In reciting these frequently espoused rules, the Sixth Circuit relied on long-standing Supreme Court precedent, underscoring that the County's reliance on *Clippinger* offers nothing new. *See Clippinger*, 2026 WL 1113480, at *5, *6, *8 (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350, 351 (2011); *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623–24 (1997)).

The County also invokes *Clippinger*'s discussion of the Rules Enabling Act (the "Act"), but that is not novel either. (Reply at 9–10 (citing *Clippinger*, 2026 WL 1113480, at *10, which in turn relies on *Wal-Mart*, 564 U.S. at 367)) The Act—which dates to 1988, 28 U.S.C. § 2072—prohibits courts from satisfying the "predominance element by barring a defendant from raising unique statutory or contractual 'defenses to individual claims.'" *Clippinger*, 2026 WL 1113480, at *10 (citing *Wal-Mart*, 564 U.S. at 367). There is no legitimate basis for the County to invoke this decades-old law (which it does for the first time on Reply).

The County cites *Clippinger*'s discussion of the Act to support the undisputed proposition that it "has the 'substantive right' to present individualized evidence about the actual cause" of specific delays. (Reply at 9) In granting class certification, the District Court never suggested, much less held, that the County would be barred

from offering individualized evidence in its own defense. Rather, the District Court correctly found that the County presented "limited" and "few" examples of such individualized issues (Class Certification Opinion, R. 77, PageID#3678, 3685), which thus do not predominate, are readily manageable, and cannot defeat class certification. *See, e.g.*, *Bridging Communities Inc. v. Top Flite Fin. Inc.*, 843 F.3d 1119, 1125 (6th Cir. 2016) (noting that this Court has "recognized repeatedly that the fact that a defense may arise and may affect different class members differently does not compel a finding that individual issues predominate over common ones." (internal quotation marks and citation omitted)); *id.* at 1126 ("Even where defendants point to some evidence that a defense will indeed apply to some class members . . . courts routinely grant certification because Rule 23(b)(3) requires merely that common issues predominate, not that all issues be common to the class." (internal quotation marks and citation omitted)). The County's conclusory assertion that "individualized questions [] will overwhelm any trial" cannot be squared with the District Court's finding or the record. (Reply at 9)[2]

---

[2] The County's lack of evidence showing any individualized causes of delays over 18 hours is exemplified by its admission on Reply that "a manual review of [class members'] paper files would not yield definitive proof of causation[.]" (Reply at 11 (emphasis omitted)) This means, as the record reflects, that the County has little to no evidence to rebut Plaintiffs' class-wide proof that the County's systemically deficient release process caused the overdetentions at issue. (*See* Answer at 17–18)

Similarly, the District Court did not, as the County claims in invoking the Act, indicate any intention of adopting a "formulaic calculation of liability . . . by imposing *automatic* liability if the time to release exceeds 18 hours[.]" (*Id.* at 9 (emphasis in original) (internal quotation marks omitted)) Rather, the court found that where a "detainee was over-detained by longer than 18 hours, their detention *could reasonably* be attributed to the systemic issues [Plaintiffs'] challenge," such that a jury could determine causation on a class-wide basis. (Class Certification Opinion, R. 77, PageID#3686 (emphasis added)) The District Court reached that conclusion based on Plaintiffs' showing that releases should ordinarily occur within approximately six hours, their production of substantial evidence that the County's systemic deficiencies caused detentions lasting three times that length, and the absence of evidence that individualized factors accounted for such delays. (*Id.* at PageID#3649-3651, 3678–3679, 3683–3686)

If class members were required to pursue their claims through individual lawsuits, they would rely on precisely the same common system-wide evidence to establish that the County's deliberate indifference to deficient release processes caused their overdetentions. Yet aside from its unsupported assertion that overdetention claims are inherently individualized (*e.g.*, Reply at 9–10), the County has identified no individualized circumstance that would control the outcome of the overdetention claims for any substantial number of class members. This Court has

refused to allow "speculation and surmise to tip the decisional scales in a class certification ruling," which is all that the County offers. *Bridging Communities Inc.*, 843 F.3d at 1125 (internal quotation marks and citation omitted).

Ultimately, the County's Reply serves primarily to regurgitate two arguments it has already made: (1) the inaccurate claim that Plaintiffs (and the District Court) somehow "suggest[] that *Monell* liability can arise *without* an underlying constitutional violation" (Reply at 8 (emphasis in original); *see also* Pet. at 16–17) and (2) the erroneous notion that causation "requires *individualized determinations* by the *trier of fact*" in a *Monell* case (Reply at 8–9 (emphases in original); *see also* Pet. at 20) As explained in Plaintiffs' Answer, the underlying violation requirement of a *Monell* claim, including the causation element, can be established through class-wide proof that the County's systemically deficient release process caused class members' overdetentions, independent of the conduct of particular employees. (*See* Answer at 16–17, 25–27) Plaintiffs presented ample class-wide proof in the proceedings below, and the District Court correctly found that the requirements of Rule 23 are satisfied.

For the foregoing reasons, Plaintiffs-Respondents respectfully request that this Court deny the County's Motion for Leave to File a Reply.

Respectfully submitted,
/s/ *Kate Schwartz*

Drew Legando
MERRIMAN LEGANDO
WILLIAMS & KLANG, LLC
1360 West 9th Street, Suite 200
Cleveland, Ohio 44113
(216) 522-9000
drew@merrimanlegal.com

Janet Herold
JUSTICE CATALYST LAW
40 Rector Street, Floor 9
New York, New York 10006
(518) 732-6703
jherold@justicecatalyst.org

Kate Schwartz
Caryn Lederer
Emily Brown
HUGHES SOCOL PIERS RESNICK
& DYM LTD.
70 W. Madison Street, Suite 4000
Chicago, Illinois 60602
(312) 580-0100
kschwartz@hsplegal.com
clederer@hsplegal.com
ebrown@hsplegal.com

Akeeb Dami Animashaun
355 South Grand Avenue, Suite 2450
Los Angeles, California 90071
(929) 266-3971
dami@animashaun.me

*Counsel for Plaintiffs-Respondents*

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g)(1), I hereby certify that the foregoing **Response in Opposition to Motion for Leave to File Reply in Support of Rule 23(f) Petition** complies with:

1. The word limit set forth in Fed. R. App. 27(d)(2)(A), because it contains **1,219 words**, excluding the cover page, signature block, certificate of compliance, and certificate of service; and

2. The typeface requirements set forth in Fed. R. App. P. 32(a)(5) and the type style requirements set forth in Fed. R. App. P. 32(a)(6), because it has been prepared in **Times New Roman type style 14-point font** in Microsoft Word.

By: /s/ *Kate Schwartz*
Kate Schwartz

*Counsel for Plaintiffs-Respondents*

## CERTIFICATE OF SERVICE

I hereby certify that on May 8, 2026, the foregoing Response in Opposition to Motion for Leave to File Reply in Support of Rule 23(f) Petition was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

Stephen W. Funk
ROETZEL & ANDRESS, LPA
222 South Main Street
Akron, Ohio 44308

Brendan D. Healy
Jake A. Elliott
Assistant Prosecuting Attorneys
Cuyahoga County Prosecutor's Office
1200 Ontario Street, 8th Floor
Cleveland, Ohio 44113